UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00100-HBB

CHARLES M. MANLEY                                                                              PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Charles M. Manley seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 17) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered August 7, 2017 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on May 6, 2014 (Tr. 223). Plaintiff alleged that he became disabled on November 15, 2012 as a result of a back injury, neck problems, degenerative disc disease, arthritis in shoulders and legs, and high blood pressure (Tr.

244). Administrative Law Judge Christopher L. Dillon ("ALJ") conducted a hearing on February 11, 2016 in Baltimore, Maryland. Plaintiff appeared via video from Bowling green, Kentucky and was represented by attorney Charles Burchett. Also present and testifying was vocational expert Silvio Reyes.

In a decision dated February 26, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 35-55). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 15, 2012, the alleged onset date (Tr. 40). At the second step, the ALJ determined that Plaintiff has the following impairments that are severe in combination: "a multilevel spine disorder, arthritis to include a bilateral shoulder disorder, hypertension, a sinus disorder, sleep apnea, obesity, a vision disorder, an affective disorder, and an anxiety related disorder" (Tr. 40). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 41).

At the fourth step, the ALJ assigned Plaintiff the following residual functional capacity:

> The claimant retains the functional capacity for work that involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; standing and/or walking for a total of no more than 2 hours per work day; sitting for a total of 6 hours; the option every 30 minutes to stand for up to 5 minutes at the workstation before returning to a seated position; no climbing of ropes/ladders/scaffolding; no more than occasional ability to perform all other postural activity; no foot pedal operation; no more than frequent reaching but no reaching above shoulder level; no more than frequent handling and fingering; no exposure to hazards, such as dangerous moving machinery and unprotected heights; no more than occasional exposure to environmental extremes, such as dust, gas, fumes, heat, cold, humidity; work that allows for no outside work activity;

> no more than frequent interaction with supervisors, coworkers, and
> the public; and no more than simple, routine tasks.

(Tr. 43-44). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work (Tr. 48).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 49-50). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 50). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from November 15, 2012 through the date of the decision (Tr. 50).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 32). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-7).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*,

nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-7). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step. For the reasons that follow, the Commissioner's decision was supported by substantial evidence and comports with all applicable law.

## Plaintiff's Challenges

Plaintiff first challenges Finding No. 5, arguing that the ALJ failed to evaluate Plaintiff's subjective complaints as required by SSR 16-3p, 96-7p, and 20 C.F.R. § 404.1529 (DN 13 p. 2). Plaintiff argues the ALJ did not perform a proper credibility analysis and failed to compare his complaints with the medical evidence of record (Id. at 3-5). Next, Plaintiff argues the RFC is not supported by substantial evidence because the sit/stand option does not indicate whether the Plaintiff would necessarily be able to continue working during the five-minute standing period (DN 13 at p. 6). Further, Plaintiff argues that the RFC does not discuss limited balancing and as

5

a result is not supported by substantial evidence (Id. at pp. 7-8). Finally, Plaintiff argues that limiting the Plaintiff to frequent handling/fingering significantly erodes the sedentary occupational base because many sedentary positions require repetitive hand/finger actions (Id. at p. 8).

Discussion

In assessing a claimant's residual functional capacity, the Administrative Law Judge must necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p. A claimant's statement that he is experiencing pain or other symptoms will not, taken alone, establish that he is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id.

Here, the ALJ discussed the medical evidence of record (Tr. 24-26, 44-48). The ALJ noted that the objective findings did not support limitations as severe as those alleged by the Plaintiff. For instance, the ALJ noted that chiropractic treatment notes stated Plaintiff exhibited moderate pain and swelling at L5 (Tr. 651). However, contemporaneous diagnostic images

6

showed that Plaintiff's lumbar spine showed only mild degenerative changes (Tr. 45, 711). This is one of many examples of the exact type of discussion of the medical evidence that Plaintiff claims does not exist. Moreover, Plaintiff's disagreement with the ALJ is no more than that, a statement of grievance without actually offering a critique of the ALJ's treatment of the objective medical evidence nor explaining what evidence supports Plaintiff's subjective allegations. The undersigned concludes this claim is without merit.

Next is Plaintiff's claim regarding an alleged deficiency in the sit/stand option. First, to the extent that Plaintiff's counsel is legitimately confused by this finding, the undersigned sees no reason why counsel could not have raised this issue at the administrative hearing. This is not a highly-technical question requiring consultation of outside resources or specialized knowledge. This is, at best, an ambiguity in the RFC. *See* McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 837 (6th Cir. 2006). Further, sit/stand options are routine features of residual functional capacity findings, and Plaintiff has presented no evidence to suggest the vocational expert in this case did not take into account the need to remain on task while standing. Accordingly, this claim is without merit.

Plaintiff's argument regarding the issue of balance is perplexing. Granted, SSR 96-9p states that a claimant's inability to balance may erode significantly the sedentary occupational base, and as a result "[i]t is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base." However, in this case, none of the occupations offered by the vocational expert require balancing at all. *See* lens inserter, DOT 713.687-026; envelope addresser, DOT 209.587-101; eye dropper assembler, DOT 739.687-086. The undersigned concludes there is no error where the ALJ provided a significant
7

number of jobs that exist in the national economy that do not require balancing. Therefore, this claim is without merit.

Finally, Plaintiff's argument concerning handling/fingering is also unavailing. Plaintiff correctly points out that SSR 96-9p advises that limitations on fingering and handling may significantly erode the sedentary work base. However, as with the balancing issue discussed above, Plaintiff did not choose to question the vocational expert about this at the vocational hearing. Again, this is not a complicated area requiring specialized training or intensive research. Rather, it is an obvious challenge to the plain language of the RFC. Perhaps more to the point, two of the three positions suggested by the vocational expert, lens inserter and envelope addresser require only frequent fingering, consistent with the adjudged RFC. DOT 713.687-026; 209.587-101. Thus, even if one excludes the final occupation, the number of jobs in the national economy is nonetheless significant at 400,000 (300,000 for lens inserter and 100,000 for envelope addresser (Tr. 90)). There is no "special number" that delineates an insignificant from a significant number of jobs. Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988). However, as the Commissioner points out, the Sixth Circuit Court of Appeals has recently found as few as 6,000 jobs to constitute a significant number in the national economy. Taskila v. Comm'r of Soc. Sec., 819 F.3d 902, 905 (6th Cir. 2016). As a result, the undersigned finds 400,000 to constitute a significant number. Therefore, the Commissioner has satisfied her burden at step 5, and Plaintiff's claim is without merit.

## CONCLUSION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and judgment is granted for the Commissioner.

**ORDER**

**IT IS HEREBY ORDERED** that the decision of the commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

*[signature]*

**H. Brent Brennenstuhl
United States Magistrate Judge**

April 2, 2018

Copies: Counsel